# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| B.P., et al., | ) |
| | ) |
|       Plaintiffs, | )    CIVIL NO. 13-324-SCW |
| | ) |
| vs. | ) |
| | ) |
| ABBOTT LABORATORIES INC. | ) |
| | ) |
|       Defendant. | ) |

## PROTECTIVE ORDER

WHEREAS, the discovery phase of this case will involve the exchange of confidential business information and information involving the privacy rights of individuals, including the parties;

WHEREAS, the Court wishes to expedite the free flow of information between the parties, facilitate the prompt resolution of disputes over confidentiality, protect the parties from undue burden and expense, and ensure that protection is afforded only to material so entitled, IT IS ORDERED as follows:

1. This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in the above-captioned case, all cases currently consolidated into the above-captioned case, any future Depakote cases consolidated into the above-captioned case, and any cases assigned from this consolidated case to a Magistrate Judge for future proceedings[1] ("the Action") and designated as Confidential during the discovery phase

---

[1] This category includes, but is not limited to, Cause No. 3:13-cv-00324, *B.P. v. Abbott Laboratories, Inc.*; Cause No. 3:13-cv-00325, *H.C. v. Abbott Laboratories, Inc.*; and Cause No. 3:13-cv-00326, *J.B. v. Abbott*

4067880

of this litigation.

2. In the event that any documents, interrogatory answers, responses to requests for admission, testimony, or other information or materials produced during the course of discovery of the Action are designated as being "Confidential" in accordance with this Order ("Confidential Information"), the Confidential Information produced shall be maintained in confidence and not disclosed to any person (including representatives and employees of the producing or receiving party) except as provided herein and shall be subject to the provisions of this Order.

3. The term "Confidential Information," as used in this Protective Order, is defined in accordance with and follows Seventh Circuit law. Confidential information is defined herein to include information that is not in the public domain and contains employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential and proprietary information, including information protected from disclosure by FDA regulations including 21 C.F.R.§ 20.63 and 21 C.F.R. § 314.430; information provided to Abbott by third parties with the expectation that Abbott would keep such information confidential or pursuant to contracts that expressly require Abbott to maintain the confidentiality of the information or that is otherwise protected from disclosure by statute; names and other identifying information of patients in clinical studies or adverse event reports as well as the physicians who reported to Abbott adverse events concerning one of their patients; confidential client lists; information that is not generally available to the public that relates to, reflects or was or is used to help form Abbott's research, business and legal strategies, such as information that is not generally available to the public that relates to, reflects or was or is used to help form Abbott's research, business and legal strategies, such as business

*Laboratories, Inc*.

or marketing plans or studies; sales data that is kept confidential; pricing and financial information; discount information; rebate information; plaintiffs' medical records and personal financial information; non-public financial data that would reveal Abbott's future strategic commitments; information relating to job performance evaluations or disciplinary actions; information that is not generally available to the public that relates to consumer purchasing habits, pricing information, sales techniques, sales volumes; and information concerning communication with government agencies. For purposes of discovery, "trade secret" shall include any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business and for which confidentiality or sensitivity has been reasonably maintained; and "proprietary" information shall mean any information in which a party has a protectable interest, including information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies and technologies. trade secret or other confidential research, development or commercial information or other non-public information about the financial and business affairs of the parties.

    4.    Any party to this Action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in the Action (hereinafeter the "Producing Party" or "Designating Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes constitutes or contains Confidential Information. Although they may also contain "Privileged Information" (defined below), all medical, billing, pharmacy, insurance, financial and employment records of any Plaintiff or the relative of any Plaintiff are deemed to be "Confidential" by the Court.

    5.    All materials designated "Confidential" under this Order shall be clearly stamped

3

by the party or other person desiring such designation.

6. All testimony and exhibits provided at the depositions in this Action initially shall be considered "Confidential" and the court reporter shall mark all pages of deposition transcripts with the designation "Confidential - Subject to Further Confidentiality Review." In order to maintain the "Confidential" status of such testimony (including exhibits), the Designating Party must notify all other parties and the court reporter in writing of the specific pages and lines of the transcript that should be treated as Confidential within thirty (30) days of receipt of the final transcript. Only the exhibits and those portions of the transcript so designated within that thirty (30) day period shall be deemed Confidential. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential.

7. All Confidential Information, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall not be used for any purpose by the receiving party except for purposes in connection with (a) the Action, or (b) any other proceeding filed by one or more of the lawyers for Plaintiffs in the Action alleging birth defect injuries resulting from exposure to the product(s) at issue in this Action. However, nothing in this Protective Order shall affect Abbott's ability to review information that plaintiffs marked "Confidential" and report such information to regulatory agencies in compliance with its obligations under federal law.

8. Confidential Information that has been produced in this litigation, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, may be disclosed only to:

    a. The parties to this Action, including designated in-house counsel for Abbott (and the clerical, secretarial and other staff working for in-house counsel in the legal

department) and any employee that Abbott deems necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

      b.     The attorneys for the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such counsel.

      c.     The experts or consultants retained or consulted by the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such expert or consultant;

      d.     Any person who prepared or originated the document, who is indicated on its face as a recipient of a copy thereof, or who otherwise legitimately received a copy; including, but not limited to, any treating physician or healthcare provider of any Plaintiff (collectively, "Treating Provider") whose medical and/or treatment records include the document;

      e.     With respect to Confidential Information produced by any party to this Action or third party with respect to Plaintiff's alleged injuries, any Treating Provider, provided that the Confidential Information is not placed in the possession, custody, or control of a Treating Provider or in the files maintained by or on behalf of that Provider, and such Confidential Information must be relevant to the testimony or knowledge of that Provider. Abbott may only show a Treating Physician medical records for the Plaintiff(s) that he or she treated.

      f.     Any person who is scheduled to be a witness at deposition, hearing or trial in this Action where the Confidential Information is reasonably anticipated to relate to the testimony or knowledge of such witness;

      g.     The Court and related officials involved in this litigation, including judges, magistrates, commissioner, mediators, referees, jurors, court reporters, videographers, and other Court personnel (provided, however, that any material designated Confidential and filed with the Court is filed in accordance with the procedures for filing under seal described below); and

      h.     Any person designated by the Court and in the interest of justice, upon such terms the Court deems proper.

    9.     Prior to disclosing Confidential Information to any person listed in Paragraph 8(c), (e) or (h) above, the receiving party shall:

      a.     provide such person with a copy of this Protective Order;

      b.     and obtain from such person a signed statement in the form attached hereto as Exhibit A. Such statement shall be retained by the party and need not be filed with the Court or served upon opposing counsel unless required by the Court. Parties are required to maintain copies of all such statements obtained by them and may be required to produce them *in camera* to the Court upon request.

10. With regard to any Treating Provider who is shown Confidential Information by a party pursuant to Paragraph 8(e), the opposing parties must be provided with copies and/or Bates numbers of such Confidential Information other than those described in Paragraph 8(d). Such Confidential Information must be disclosed at least three business days before any deposition of that Provider. If a party first shows Confidential Information to a Treating Provider less than three business days before that Provider's deposition, copies of any such "Confidential Information must be produced to the opposing party before the start of the deposition.

11. Any person listed in Paragraph 8(a), (b), (d), or (f) who receives materials containing Confidential Information shall:

    a. be advised of this Order;

    b. be directed to use such Confidential Information only for purposes in connection with this Action, and in any other proceeding filed by one or more of the lawyers for Plaintiffs alleging birth defect injuries resulting from exposure to the product(s) at issue in this Action, and not for any other purpose; and

    c. be directed to refrain from disclosing or discussing such Confidential Information with any person other than those already subject to the terms of this Order.

12. The fact that information or material has been designated as Confidential is not determinative of whether such information is, in fact, entitled to be deemed as such. All parties shall bear in mind the Seventh Circuit's favor for transparency of the public record, and resulting preference for attaching to Court filings redacted rather than sealed documents. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

13. In the event the nonproducing party wishes to file materials designated as "CONFIDENTIAL," the nonproducing party shall file the materials conditionally under seal and give the producing party contemporaneous notice. If the producing party wishes the materials to remain filed under seal, the producing party must file a motion within fourteen (14) days and show good cause. Similarly, should the producing party file its own materials under seal, it shall

do so conditionally and contemporaneously file a motion to show good cause why the materials should remain under seal. If the Court grants the motion to seal, the materials shall remain filed under seal. If the Court denies the motion, the materials shall be unsealed.

14. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information shall be subject to the terms of the Protective Order to the same extent as the materials or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

15. Nothing contained herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

16. Any party who has designated any material "Confidential" pursuant to this Order may consent to the removal of such designation by so notifying counsel for the other party in writing.

17. Any party may object to a designation as follows:

a. The party objecting shall notify the Designating Party in writing of that objection and shall specify the designated materials, or category or sub-set of information, to which the objection is made.

b. The parties shall confer in good faith concerning any such objection. If the objection is not resolved within 10 days after mailing of the notice, then the receiving party shall file a motion to remove the designation of Confidential. The party designating the document as Confidential shall have the burden of evidentiary proof to establish grounds for such treatment as to each document or sub-set of documents where the Confidential designation has been placed at issue. Any such motion must be filed and served within 30 days after the expiration of the 10-day period for reaching agreement referenced to previously. Any briefing on

this issue shall be filed under seal. If a motion is filed, information subject to dispute shall, until further order of the court, be treated consistently with its designation.

18. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this Action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude a party from seeking to impose such designation or challenging the propriety thereof. In the event a party discovers that it inadvertently produced materials containing Confidential Information without marking them as such in accordance with this Protective Order, that party may provide written notice to the receiving party that the materials should be treated as Confidential in accordance with this Order. Upon receipt of such notice, the receiving party shall treat such materials as Confidential, and upon receipt of materials properly marked as "Confidential," shall return or destroy the unmarked materials and shall reasonably ensure that others to whom the unmarked materials were disclosed have not retained copies. In the case of inadvertently produced privileged and/or work product documents, Fed. R. Civ. P. 26(b)(5)(B) shall apply.

19. This Protective Order does not govern the use of Confidential Information at trial. The Parties and the Court (or a Magistrate Judge to whom proceedings have been referred) shall determine the appropriate procedures to govern the use of Confidential Information at trial.

20. The terms of this Order shall remain in full force and effect after termination of this action, unless modified, superseded, or terminated by the written agreement of the parties or by Order of this Court. Within 30 days after completion of this litigation, all Confidential Information, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall be collected by counsel for the receiving party and returned to

the Designating Materials; provided, however, that attorney work product or pleadings containing information derived from Confidential Information may be destroyed rather than returned to the party who supplied such Confidential Information. For purposes of this Order, this Action shall be considered "completed" upon entry of a dismissal with prejudice of the entire action or upon ten days following the entry of judgment that has become final and non-appealable, or from which all appeals have been exhausted.

21. If any attorney work product or pleadings containing information derived from Confidential Information is destroyed rather than returned to the party who supplied Confidential Information pursuant to paragraph 19, counsel for the receiving party shall produce a certificate confirming the destruction of all such Confidential Information (including, but not limited to, the original versions, all copies made, and all electronic versions) to counsel for the producing party within 60 days after completion of this Action unless counsel for the receiving party is involved in other similar litigation that is still pending as specified in paragraph 7.

22. All parties and other persons who receive Confidential Information shall be under a continuing duty not to disclose such information obtained in the course of this litigation, and this duty shall continue in full force and effect after the completion of this Litigation.

23. No party may refuse or delay to answer or respond to any discovery request on the basis that the response or answer would contain Confidential Information. Responsive documents may not be withheld from production on the basis that such documents contain or include Confidential Information.

24. "Privileged" materials include any materials that contain information protected from disclosure as defined by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

25. The entry of this Order shall neither be construed as a waiver of any right to object to the furnishing of information in response to discovery nor relieve any party of the obligation of producing information in the course of discovery. In the event that any responsive documents are withheld from production on the basis that such documents contain or include Privileged materials, the party withholding production of such documents shall provide a Privilege Log on a rolling basis, updated at regular and reasonable intervals, which shall state with respect to **each** responsive document being withheld or redacted on the basis that it contains Privileged materials the following information: (1) the date of the document; (2) the author of the document; (3) the recipients of the document; (4) the specific privilege being invoked; and (5) a description of the document necessary to establish the existence of the privilege invoked. Information qualifying as attorney work product under federal law and created after August 17, 2010 are exempt from the requirements of this paragraph.

26. Parties withholding information on the basis of a privilege are required to redact privileged information from documents also containing non-privileged information and to produce the redacted document. A party cannot refuse to produce an entire document on the basis that the document contains both privileged and non-privileged information.

27. If there is a challenge to a "Privileged" or "Confidential" designation and the parties are unable in good faith to agree on whether the designation should remain, the party challenging the designation may move the Court to have the producing, responding or withholding party, as the case may be, make a witness available for a deposition limited to an inquiry concerning the "Confidential" or "Privileged" designation of any so-designated materials.

28. The inadvertent production of materials subject to a claim of privilege, work product, or other statutory or Court-ordered confidentiality shall not result in a waiver of any of

the foregoing protections for the materials, or for any other privileged or immune materials containing the same or similar subject matter. An inadvertent production by a party in this Action shall not be used as a basis for arguing that a claim of privilege, work product, or other statutory or Court-ordered confidentiality has been waived in any other proceeding. If any party inadvertently produces such materials, upon receipt of notice of such disclosure, the receiving party shall promptly return or delete from its litigation support or other database(s) such materials; return or destroy its other copies, if any, of such materials; destroy its notes or other work product reflecting the contents of such materials; and confirm in writing to the producing party that all copies of the recalled materials have been returned or destroyed in accordance with this Order. If the receiving party seeks to challenge the disclosing party's claim that the materials are privileged, protected, or otherwise subject to recall, it shall present the materials in dispute to the Court under seal for a determination.

29. This Court shall retain jurisdiction even after the termination of this Action to enforce the terms of this Order and to make such amendments, modifications, deletions and additions as the Court deems necessary and appropriate.

30. Parties and counsel are advised that an intentional failure to comply with this Protective Order may be considered contempt of court and/or sanctionable conduct.

**IT IS SO ORDERED.**

**DATED: <u>April 23, 2013</u>**

                                               **/s/ *Stephen C. Williams***
                                               **Stephen C. Williams**
                                               **United States Magistrate Judge**

EXHIBIT A
CERTIFICATE OF ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, declare that:

I have been given a copy of and have read the Protective Order entered in the action entitled *In re Depakote Cases*, Lead Consolidated Case No. 12-52-GPM-PMF (the "Action"). I agree to abide by the Protective Order and not to reveal or otherwise communicate to anyone or utilize any of the information designated "Confidential" that is disclosed to me except in accordance with the terms of such Order. Specifically, but not by way of limitation, I agree to use such Confidential Information only for purposes in connection with this Action, and in any other proceeding filed by one or more of the lawyers for Plaintiffs alleging birth defect injuries resulting from exposure to the product(s) at issue in this Action, and not for any other purpose.

I acknowledge that any violation of the Protective Order may be punishable as contempt of court or through monetary sanctions ordered by the Court, or both, and agree to submit to the jurisdiction of the Court in the above-referenced case for purposes of enforcing compliance with the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

4067880